UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| OSCAR RICO-ARREOLA, | Case No. 3:13-cv-00580-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| WARDEN SMITH, et al., | |
| Respondents. | |

Before the Court are the second amended petition for writ of habeas corpus (dkt. no. 20), respondents' motion to dismiss (dkt. no. 22), petitioner's opposition (dkt. no. 29), and respondents' reply (dkt. no. 34). The Court finds that petitioner has not exhausted his available state-court remedies for all his grounds for relief, and the Court grants respondents' motion.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law."

*Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 4(A) is a claim that trial counsel provided ineffective assistance because trial counsel did not investigate the case adequately in preparation for trial. Respondents argue correctly that petitioner raised this claim in his proper-person state habeas corpus petition, but he did not raise it on appeal from the denial of that petition. (*See* Exh. 60 (dkt. no. 17).) The Court is not persuaded by petitioner's argument that he raised the ground in his proper-person petition, that at the evidentiary hearing a couple of questions were asked of counsel about investigation of the case, that petitioner mentioned the evidentiary hearing in the brief on appeal from the denial of the petition, and that the Nevada Supreme Court mentioned the evidentiary hearing in its order affirming the denial. This argument would have required the Nevada Supreme Court to go through the record to glean possible grounds for relief. Both the Supreme Court of the United States and the Court of Appeals for the Ninth Circuit have held exhaustion requires petitioner to present squarely and clearly in his brief the issues that he wanted considered in his appeal. *Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir. 2005) (*citing Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004)). Ground 4(A) is unexhausted.

Ground 5 is a claim that appellate counsel provided ineffective assistance because appellate counsel did not raise on direct appeal the issue of admissibility of petitioner's statements to law enforcement. Respondents note correctly that petitioner raised on the appeal from the denial of his state habeas corpus petition the claim that *trial* counsel was ineffective for failing to move to suppress his statements to law

enforcement. (*See* Exh. 60 at 6-8 (dkt. no. 17).) Respondents also note correctly that petitioner did not raise the claim that *appellate* counsel was ineffective for failing to raise the issue on direct appeal. Petitioner's counter-argument suffers from the defect as his counter-arguments for ground 4(A). It would have required the Nevada Supreme Court to go through the record to glean possible grounds for relief, which is not required for exhaustion. *Castillo*, 399 F.3d at 999-1000. Ground 5 is unexhausted.

Ground 10 is a claim of cumulative error, which incorporates grounds 4(A) and 5. To that extent, ground 10 is unexhausted.

Petitioner argues that even if the grounds are unexhausted, the Court should consider them procedurally defaulted. The state courts would apply the state-law time bar and successive petition bar, NRS §§ 34.726(1) and 34.810, respectively. Petitioner then argues that even though both those procedural bars allow an excuse upon a showing of cause and prejudice, he cannot make that showing. Petitioner argues that he can make such a showing in this Court because the ineffective assistance of post-conviction counsel can be cause to excuse the procedural default of a claim of ineffective assistance of trial counsel or appellate counsel. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The Nevada Supreme Court has declined to apply the principle of *Martinez* to claims of ineffective assistance of counsel that are procedurally barred by state law. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Therefore, a return to state court would be an exercise in futility. It necessarily follows from the argument that this Court should consider grounds 4(A), 5, and 10 to the extent that it incorporates grounds 4(A) and 5 on the merits, *de novo*, without application of the deferential standard of review of 28 U.S.C. § 2254(d), without the presumption of correctness of factual findings of 28 U.S.C. § 2254(e)(1), and without the limitation on holding an evidentiary hearing of 28 U.S.C. § 2254(e)(2).

However, petitioner also argues that if the Court determines that the grounds are unexhausted, he should be given a chance to confer with counsel to determine what to

do with the unexhausted grounds, including the possibility of asking this Court to stay the action while he returns to state court. (Opposition at 14-15 (dkt. no. 29).)

This Court will stop at its determination that grounds 4(A), 5, and 10 in part are unexhausted. First, it is preferable for counsel to consult with petitioner before the Court makes any additional ruling that can forever close off a path to relief. Second, the Court will not engage in an extensive analysis of cause and prejudice under *Martinez* and *Ha Van Nguyen* only to find that, if the determination is unfavorable to petitioner, he then would want to return to state court to try other arguments for cause and prejudice. That would not be a good use of this Court's limited time.

The second amended petition (dkt. no. 20) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

It is therefore ordered that respondents' motion to dismiss (dkt. no. 22) is granted. Grounds 4(A), 5, and 10 in part are unexhausted.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 4(A), 5, and 10 in part, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 30th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE